UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SPECIALTY INSURANCE CO.,

   Plaintiff,

vs.                                                               Case No. 16-14401

CAASTI PROFESSIONAL CONTRACTING        HON. AVERN COHN
SERVICE, INC., and CANDICE TAYLOR,

   Defendants.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS II AND IV OF THE COMPLAINT(Doc. 10)[1]

I. Introduction

This is a business dispute. Defendant CAASTI Professional Contracting Service, Inc. (CAASTI) was a contractor on various construction projects in Michigan. In connection with its work, CAASTI was occasionally required to obtain payment and performance bonds. CAASTI, as principal, and Candice Taylor, as indemnitor, entered into an Indemnity Agreement in favor of plaintiff U.S. Specialty Insurance Company (USSIC) and affiliated surety companies. Under the Indemnity Agreement, USSIC issued bonds as surety on behalf of defendants for construction projects. USSIC is suing defendants alleging that it paid out costs on their behalf in the amount of $66,969.84 but has not been indemnified.

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

The complaint makes the following claims:

Count I - Breach of Indemnity Agreement

Count II - Common Law Indemnification

Count III - Specific Performance of Collateral Security Provision

Count IV - Quia Timet

Before the Court is defendants' motion to dismiss Counts II and IV on the grounds that because the dispute is governed by an express contract, i.e. the Indemnity Agreement, plaintiff's quasi-contract claims fail to state plausible claims for relief. For the reasons that follow, the motion is DENIED.

## II. Background

Under Indemnity Agreement, USSIC issued Payment and Performance Bonds naming Buildtech Ltd. Construction Development (Buildtech) as obligee with respect to a project on which CAASTI entered into a Subcontract (the Buildtech Project). CAASTI was later terminated from the Buildtech Project. Buildtech sued CAASTI, USSIC and others in state court, seeking damages under the Performance Bond (the Buildtech Litigation). While the Buildtech Litigation continues, USSIC filed the instant action.

## III. Legal Standard

As to Rule 12(b)(6) a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Id. Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." Id. at 1949. Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Fed. R. Civ. P. 12(b)(6). The Court need not accept as true "legal conclusions or unwarranted factual inferences." In Re Packaged Ice Antitrust Litig., 723 F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)).

In considering a Rule 12(b)(6) motion, a court may consider "matters of public record," such as documents recorded with the Register of Deeds, orders, and items appearing in the record of the case, as well as documents that are referred to in the complaint and are central to a plaintiff's claims. Commercial Money Ctr. Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007); Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

IV. Analysis

Under well-settled Michigan law, a plaintiff cannot assert quasi-contractual theories if an enforceable express contract exists. Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc., 96 F.3d 174, 181 (6th Cir. 1996) ("Where the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel and unjust enrichment."); Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc., 65 F.3d 498, 506 (6th Cir. 1995) ("[T]he existence of an implied-in-fact contract, which provides a legal remedy, will bar a claim of unjust enrichment, which seeks an equitable remedy.").

Defendants argue that because USSIC has plead that the parties entered into an express contract, its quasi-contractual theories under Counts II and IV must be dismissed. USSIC says that at this stage in the litigation, they are not required to pick a

3

theory on which they wish to proceed, pointing to the alternative pleading standards under the Federal Rules of Civil Procedure. Defendants have the better view.

Rule 8(d) provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. . . . A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8. "In other words, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims." Detroit Tigers, Inc. v. Ignite Sports Media, LLC., 203 F. Supp. 2d 789, 793 (E.D. Mich. 2002) (citing Rowe v. Cleveland Pneumatic Co., 690 F.2d 88, 92 (6th Cir. 1982)).

Here, USSIC has kept its options open in the event that defendants deny the existence of a contract. This is permissible. See Terry Barr Sales Agency, 96 F.3d at 182 (reinstating dismissal of quasi-contract claims and noting that if the Defendant admits the existence of a valid contract, "it will be appropriate for the district court to dismiss [plaintiffs]' claims for unjust enrichment and promissory estoppel at that time."); Cascade Elec. Co. v. Rice, 70 Mich. App. 420, 427 (1976) ("Under the circumstances it is clear that plaintiff was not required to elect to proceed under one theory or the other, but could seek recovery on the basis either of an express verbal contract, or an implied contract if the [fact finder] found that the express verbal contract did not exist.").

USSIC does do not deny that the presence of an express contract would defeat its alternative theories. However it says that at this stage in the litigation–where the validity of the Indemnity Agreement has not been established–it would be premature to dismiss its quasi-contractual claims. The Court agrees. As one court put it: because

4

this matter is still "[a]t the pleading stage, the Court believes it is premature to dismiss . . . [Plaintiffs'] alternative count[s] based on quasi contract before the parties have had the benefit of discovery and their positions have gelled." Alexander Associates, Inc. v. FCMP, Inc., 2012 WL 1033464, at *12 (E.D. Mich. Mar. 27, 2013); see also Detroit Tigers, 203 F. Supp. 2d at 793 ("Plaintiff has pleaded in the alternative; either there is an express contract between the parties . . . , or else Plaintiff is entitled to a quasi-contractual remedy . . . . For these reasons, granting dismissal of the entire Complaint is not a proper disposition in the instant case."); Wake Plumbing & Piping, Inc. v. McShane Mech. Contracting, Inc., 2012 WL 6591664, at *3 (E.D. Mich. Dec. 18, 2012) ("At this stage, Plaintiff's claim for breach of contract in count one will not be construed as an admission against another alternative or inconsistent pleading in the same case. Although Plaintiff will not be able to recover damages on both its contract and promissory estoppel theories, Plaintiff may allege a promissory estoppel claim in the alternative to a breach of contract claim under Rule 8(d).").

     SO ORDERED.

                                      S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: May 1, 2017
      Detroit, Michigan